OPINION — AG — QUESTION(1): IS THE LANGUAGE OF 21 O.S. 1961 1101 [21-1101] APPLICABLE TO THE ABOVE SITUATION TO THE EXTENT A COUNTY LICENSE WOULD BE REQUIRED? (RESTAURANT AND A PART OF BUILDING IS A ROOM WHICH HAS INSTALLED TWO COIN OPERATED POOL TABLES)? — YES, QUESTION(2): DOES THE OPERATION OF COIN OPERATED POOL TABLES IN A ROOM CONNECTED TO AND ADJACENT TO A PUBLIC RESTAURANT, CONSTITUTE THE OPERATION OF A POOL HALL? — THE ATTORNEY GENERAL IS IN NO POSITION TO RENDER AN OPINION AS TO WHETHER, UNDER THE FACTS INVOLVED, COIN OPERATED POOL TABLES CONSTITUTE A "POOL OR BILLIARD HALL" WITHIN THE PROVISIONS OF THE CITY ORDINANCE. QUESTION(3): DOES THE OPERATION OF TWO COIN OPERATED POOL TABLES REQUIRE A COUNTY LICENSE PURSUANT TO 21 O.S. 1961 1102 [21-1102], IN THE EVENT THE PLACE OF OPERATION OR LOCATION OF THE TABLES CANNOT BE CLASSIFIED AS A POOL HALL? — IF THE POOL TABLES IN QUESTION COME WITHIN THE PROVISIONS OF A CITY ORDINANCE WHICH PROHIBIT "POOL HALLS" THEN 21 O.S. 1961 1102 [21-1102] WOULD NOT BE APPLICABLE FOR THE REASON THAT THE CITY HAS EXERCISED THE AUTHORITY GRANTED TO IT BY STATUTE TO ABOLISH POOL HALLS AND/OR TABLES. ON THE OTHER HAND, IF THE CITY ORDINANCE DOES NOT APPLY, OR IF IT IS REGULATORY AND NOT PROHIBITORY, THEN A LICENSE WOULD BE REQUIRED FROM THE COUNTY IN THE FORMER CASE, AND FROM BOTH THE COUNTY AND THE CITY IN THE LATTER CASE. THEREFORE, IT IS THE OPINION OF THE ATTORNEY GENERAL THAT YOUR THIRD QUESTION MUST BE ANSWERED IN THE AFFIRMATIVE. CITE: 21 O.S. 1961 1104 [21-1104], 11 O.S. 1961 8 [11-8], 11 O.S. 1961 651 [11-651], 11 O.S. 1961 1005 [11-1005], 68 O.S. 1961 1545 [68-1545] [68-1545] (JOSEPH MUSKRAT)